OPINION
Defendant-appellant Douglas McDaniel appeals his conviction and sentence in the Delaware County Court of Common Pleas on one count of involuntary manslaughter with a gun specification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 6, 1997, appellant was drinking and smoking marijuana with his cousin, Shane Gale; the decedent, Marissa Griffin; and Matt Long. Von Lewis was also present, but did not partake of the marijuana and alcohol. They were gathered in the living room of a house at 119 North Union Street in Delaware, Ohio. During the party, Gale produced a twelve gauge shotgun, which he had borrowed from a friend. Gale allegedly told appellant the gun was unloaded. Appellant took the gun and proceeded to pump it, which caused the weapon to discharge. A bullet struck Marissa Griffin above the right eye, and passed through her head. Griffin died as a result of this wound.
Appellant, Gale, Long, and Lewis were taken to the Delaware City Police Department. Appellant submitted to a blood alcohol test. The results revealed a BAC level of .026 percent. The police performed no tests to determine whether other drugs were present in appellant's system. During an interview with appellant, officers asked him to describe how "high" he felt. Appellant indicated he felt he was intoxicated at a level of 8, on a scale of 1 to 10.
On January 24, 1997, the Delaware County Grand Jury indicted appellant on one count of involuntary manslaughter, in violation of R.C. 2903.04, with a firearm specification, pursuant to R.C.2941.141(A). The indictment also charged appellant with one count of negligent homicide, in violation of R.C. 2903.05
Appellant's trial began on June 16, 1997. During the course of the trial, Shane Gale testified he was unable to remember the events of January 6, 1997. Gale further testified he had been truthful before the Grand Jury, but was unable to recall the questions he had been asked and the answers he had given. The State moved to have Gale's grand jury testimony read into the record pursuant to Evid.R. 803(5), as a past recollection recorded. Defense counsel objected. The trial court overruled the objection. Thereafter, the court reporter read the testimony into the record. When the State recalled Gale to the stand two days later, he remained unable to recollect his grand jury testimony. Gale again testified he was truthful in his testimony to the Grand Jury. Defense counsel then cross-examined Gale.
The State also introduced evidence of the combined effects of marijuana and alcohol. Detective Leatherman testified the combined effects of marijuana and alcohol might produce an intoxication level higher than that revealed by a BAC test. Defense counsel objected to this evidence. The trial court overruled the objection.
At the close of evidence, the trial court instructed the jury on the applicable law. The trial court further instructed the jury not to consider the charge of negligent homicide unless they found appellant not guilty of involuntary manslaughter. After deliberations, the jury found appellant guilty of involuntary manslaughter with a firearm specification.[1] On August 22, 1997, the trial court sentenced appellant to four years in prison on the involuntary manslaughter charge, and one year on the gun specification. The court ordered these terms to run consecutively.
This verdict and sentence were memorialized in judgment entries dated June 19, 1997, and August 22, 1997, respectively. It is from these judgment entries appellant prosecutes this appeal, raising the following two assignments of error:
 I. THE TRIAL COURT ERRED IN ADMITTING SHANE GALE'S GRAND JURY TESTIMONY.
 II. THE TRIAL COURT ERRED IN PERMITTING TESTIMONY ABOUT THE CUMULATIVE EFFECTS OF ALCOHOL AND MARIJUANA.
 I
In his first assignment of error, appellant argues the trial court erred in admitting Shane Gale's grand jury testimony. Appellant predicates his argument on Gale's inability to verify the accuracy of the testimony, and defense counsel's lack of opportunity to cross-examine Gale.
Under Evid.R. 803(5), testimony may be introduced into the record if it is a past recollection which is recorded. Evid.R. 803 states, in pertinent part:
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness.
* * *
 (5) A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown by the testimony of the witness to have been made or adopted when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.
We first address appellant's argument regarding Gale's inability to verify the accuracy of his grand jury testimony.
In order for a memorandum to be introduced into evidence under Evid.R. 803(5), the witness whose testimony it contains must confirm its accuracy. State v. Scott (1972), 31 Ohio St.2d 1,6. In State v. Davis (Dec. 10, 1993), Lake App. No. 92-L-089, unreported, the Eleventh District Court of Appeals held the trial testimony of a witness affirming his statements before the Grand Jury were truthful is sufficient to satisfy the requirements set forth in Scott, supra. Id.
In the instant action, Gale testified at trial on two separate occasions he was truthful before the Grand Jury. Tr. Vol. III, pp. 437, 443. In accordance with Davis, supra, we find Gale's testimony regarding the truthfulness of his grand jury testimony, despite his inability to recall the testimony, is sufficient to satisfy the requirement a witness must vouch for the accuracy of his testimony as set forth in Scott, supra.
Because Gale's grand jury testimony was admissible under Evid.R. 803(5), which exception applies whether the declarant is available or unavailable, we find it unnecessary to address appellant's argument the testimony was inadmissable under Evid.R. 804(B)(1) because Gale was unavailable.
Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, he maintains the trial court erred in admitting testimony of the cumulative effects of marijuana and alcohol. Appellant contends the legislature did not intend for the cumulative effects of drugs and alcohol to be considered in charges relating to the use of a firearm while intoxicated pursuant to R.C. 2923.15. Appellant explains an analysis of the language of R.C. 2923.15 reveals this intention.
R.C. 2923.15 reads, in pertinent part:
 (A) No person, while under the influence of alcohol or any drug of abuse, shall carry or use any firearm or dangerous ordinance.
* * *
Appellant argues the phrase "alcohol or any drug of abuse" excludes the presentation of evidence of the combined effects of drug and alcohol (Emphasis added).
This Court previously had the opportunity to consider this issue in State v. Van Almen (Oct. 29, 1980), Stark App. No. 5391, unreported. While the Van Almen appellant did not specifically assign as error the presentation of evidence of the combined effects of drugs and alcohol, this Court held it was proper for the jury to weigh evidence of the combined effects of drugs and alcohol in cases charged under R.C. 2923.15. Id. at 506. Upon review, we adhere to Van Almen and conclude the trial court did not err in admitting evidence of the combined effects of drugs and alcohol in the case sub judice.
Appellant's second assignment of error is overruled.
The judgment of the Delaware County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The negligent homicide charge was subsequently dismissed.